# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

No. 09-30872
Summary Calendar

Charles R. Fulbruge III
Clerk

LESLIE A. MAY,

Plaintiff-Appellant,

v.

FEDEX FREIGHT EAST, INC., TODD WATSON,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
U.S.D.C. Case No. 07CV660

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Leslie A. May appeals the district court's grant of summary judgment in favor of the Defendant-Appellee, Fedex Freight East, Inc. ("Fedex").  For the reasons discussed in greater detail below, we find that the district court did not err when it granted Fedex's motion for summary judgment on May's Title VII sexual harassment/hostile work environment claim. Accordingly, we AFFIRM the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30872

On February 13, 2007, May filed a charge questionnaire with the EEOC alleging that she had been subjected to sex discrimination and a hostile work environment at Fedex.[1]   After receiving a right to sue letter from the EEOC, May filed her lawsuit against FedEx in federal district court.[2]  On August 12, 2009, the district court granted Fedex's motion for summary judgment and entered judgment on May's sexual harassment/hostile work environment claim. May timely filed her appeal.

"This court reviews a district court's grant of summary judgment *de novo*, applying the same standards as the district court." *Allen v. McWane, Inc.*, 593 F.3d 449, 450 (5th Cir. 2010).  Summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *Harvill v. Westward Commc'n, L.L.C.*, 433 F.3d 428, 433 (5th Cir. 2005) (quotation marks and citation omitted).

In order to establish a hostile work environment claim, May must demonstrate that "(1) she is [a] member of a protected group; (2) she was the victim of uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of [May's] employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action." *Id*. at 434 (quotation marks and citation omitted).  May argues that the district court erred in granting summary

---

[1] Plaintiff-Appellant's May 31, 2007 EEOC Charge alleges the same.

[2] May's complaint included additional state claw claims against Todd Watson.  The district court, however, declined to exercise 42 U.S.C. § 1367 supplemental jurisdiction over May's state law claims against Watson.  May is not appealing the district court's dismissal of her state law claims, and as a result, we consider only whether the district court erred in granting judgment on her sexual harassment/hostile work environment claim against Fedex.

2

judgment for Fedex because it found that the harassing conduct was not severe or pervasive, and because the district court concluded that her employer had not failed to take prompt remedial action. Our review of the record, however, leads us to the conclusion that May cannot establish the fifth element– that her employer "knew or should have known of the harassment and failed to take prompt remedial action" *Id.* at 434 (quotation marks and citation omitted), and as a result, we conclude that the district court did not err in its determination that May cannot establish a *prima facie* case of sexual harassment.

The record indicates that when May notified her managing supervisor, Chris Panks, on September 17, 2006, that she had been subjected to sexual harassment, Panks immediately initiated an investigation that resulted in a written warning and temporary suspension for the offending Fedex employee, Todd Watson. Because Watson's record was otherwise clean and this constituted his first offense, Fedex determined that temporary suspension was a sufficient response to Watson's misconduct.[3] Notably, May does not contest that Panks failed to take proper remedial action. Instead, May contends that she had reported Watson's harassment prior to her reporting it to Panks, when she told her immediate supervisor, Louis Catton that "she felt uncomfortable about the conduct of Watson." Following her conversation with Catton, Fedex took no remedial action. According to May, her conversation with Catton "put Fedex on notice" that it needed to take remedial action, and Fedex failed to do take any remedial action until after she reported Watson's behavior to Panks on September 17, 2006.

Watson, however, is mistaken in her characterization of her conversation with Catton as sufficient to put Fedex on notice that it should have taken

---

[3] "Title VII does not require that an employer use the most serious sanction available to punish an offender, particularly where, as here this was the first documented offense by [the] individual employee." *Landgraf v. USI Film Products*, 968 F.2d 427, 430 (5th Cir. 1992).

No. 09-30872

remedial action.  This Court has long recognized that in order to demonstrate that an employer has failed to take prompt remedial action, the employee must first show that she took "advantage of [the] corrective opportunities provided by the employer." *Harvill*, 433 F.3d at 437.  The undisputed facts in the present record, however, establish that May's conversation with Catton does not qualify as May's having taken advantage of the "corrective opportunities provided by the employer."  Prior to commencing her employment with Fedex, May received, read, and signed the "Fedex Freight East Associates Handbook."  In the Handbook, May was instructed to report any and all incidents of harassment to the managing supervisor, Chris Panks– and to only report incidents to Louis Catton in the event of Chris Panks's absence.[4]

Thus, the corrective procedure that Fedex provided– that May signed and agreed to– instructed May to report any acts of harassment to Panks.[5]  Once May reported the harassment to Panks, the undisputed facts in the record demonstrate that Fedex did take prompt remedial action.[6]  Consequently, May's argument that Fedex failed to take remedial action in response to her conversation with Catton does not support her hostile work environment claim.  This Court has long recognized that an employee cannot argue her employer failed to take prompt remedial action when she failed to abide by the company's anti-harassment policy.  *See id.* at 439 (concluding that employee's failure to report harassment in accordance with the stated company policy inexcusable where the employee had "signed a document in which she acknowledged receipt

---

[4] May does not contend that Panks was absent during her conversation with Catton.

[5] In her deposition, which Fedex submitted as evidence with its motion for summary judgment, May openly acknowledges that Fedex's anti-harassment policy required her to first report Watson's harassment to Panks, not to Catton.

[6] May does not dispute that Panks immediately began an investigation, interviewed co-workers and various witnesses, and ultimately decided to temporarily suspend Watson's employment.

of the employee handbook and stated that she understood the anti-harassment policy."). May "cannot prove that [Fedex] failed to take prompt remedial action where she unreasonably failed to take advantage of corrective opportunities provided by [Fedex]." *Hockman v. Westward Commc'n, LLC*, 407 F.3d 317, 330 (5th Cir. 2004).

Accordingly, May's hostile work environment claim fails since she cannot establish the fifth element of her *prima facie* case.[7] The undisputed facts in the record demonstrate that as soon as May acted in accordance with Fedex's anti-harassment policy, Fedex "took the allegation seriously, it conducted prompt and thorough investigations, and it immediately implemented remedial and disciplinary measures based on the results of such investigations." *Waymire v. Harris County, Tex.*, 86 F.3d 424, 428 (5th Cir. 1996) (quotation marks and citation omitted).

For the aforementioned reasons, we AFFIRM the judgment of the district court.

---

[7] Because we conclude that the district court did not err in concluding that May cannot establish the fifth element of her claim, we do not consider whether the district court was correct to conclude that May could not establish that the sexual harassment was sufficiently perverse or severe.